WILLIAM R. TAMAYO – #084965 (CA)
JONATHAN T. PECK -- #12303 (VA)
EVANGELINA FIERRO HERNANDEZ -- #168879 (CA)
EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California 94105
Telephone:   (415) 625-5622
Facsimile:    (415) 625-5657

Attorneys for Plaintiff Equal Employment Opportunity Commission

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Civil Action No. |
| Plaintiff, | **COMPLAINT** |
| v. | Civil Rights - Employment Discrimination |
| CALIFORNIA PSYCHIATRIC TRANSITIONS, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

### NATURE OF THE ACTION

This action is brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to Charging Party Mariel Somera ("Charging Party Somera"), Charging Party Valeria Soares ("Charging Party Soares") (collectively "Charging Parties") and other similarly situated female employees who were adversely affected by such practices. Defendant California Psychiatric Transitions, Inc., ("CPT" or "Defendant") subjected the Charging Parties and similarly situated female employees to unlawful harassment based on their sex, created a hostile work environment based on their sex, and discharged Charging Party Soares in retaliation for engaging in protected activity under Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and §102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of California.

## INTRADISTRICT ASSIGNMENT

3. This action is appropriate for assignment to Fresno because the unlawful employment practices alleged were and are being committed within Merced County, the employment record relevant to the unlawful practices are located in Merced County, and because Defendant's principal place of business is in Merced County.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission ("Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by §706(f)(1) and (3) of Title VII, §2000-e(f)(1) and (3).

5. Defendant CPT is a California company, doing business in the State of California, in the County of Merced, and has continuously had at least 15 employees.

6. At all relevant times, Defendant CPT has continuously been an employer engaged in an industry affecting commerce, within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000-e(b), (g) and (h).

7. At all relevant times, Defendant CPT was the sole employer of the Charging Parties and similarly situated female employees for purposes of Title VII liability.

//

## STATEMENT OF CLAIMS
## CLAIM FOR RELIEF

**Violation of Title VII of Civil Rights Act : Sex Discrimination, Sexual Harassment**

8.  More than thirty days prior to the institution of this lawsuit, the Charging Parties filed their respective charges with Plaintiff Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

9.  Since at least October 2002, Defendant has engaged in unlawful practices of sex discrimination in violation §703(a) of Title VII, 42 U.S.C. §2000e-2(a) by subjecting the Charging Party Soares and similarly situated female employees to a sexually hostile, abusive, intimidating and offensive work environment which culminated in tangible employment actions. Since at least February 2003 Defendant has engaged in unlawful practices of sex discrimination in violation §703(a) of Title VII, 42 U.S.C. §2000e-2(a) by subjecting CP Somera to a sexually hostile, abusive, intimidating and offensive work environment, leading to her constructive discharge.

10. The effect of the actions complained of in Paragraph 9 above has been to deprive the Charging Parties and similarly situated female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

11. The unlawful employment practices complained of in Paragraph 9 above were intentional.

12. The unlawful employment practices complained of in Paragraph 9 above were done with malice or with reckless indifference to the federally protected rights of the Charging Parties and similarly situated female employees.

**Violation of Title VII of Civil Rights Act : Retaliation**

13. More than thirty days prior to the institution of this lawsuit, Charging Party Soares filed her charge with Plaintiff Commission, alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been

fulfilled.

14. Since at least April 2003 Defendant has engaged in unlawful practices of retaliation, in violation §704(a) of Title VII, 42 U.S.C. §2000e-3(a), by subjecting Charging Party Soares to adverse actions for engaging in protected activity, including wrongfully discharging her in retaliation for complaining about unlawful sexual harassment.

15. The effect of the actions complained of in Paragraph 14 above has been to deprive the Charging Party Soares of equal employment opportunities and has otherwise adversely affected her status as an employee because of her protected activity.

16. The unlawful employment practices complained of in Paragraph 14 above were intentional.

17. The unlawful employment practices complained of in Paragraph 14 above were done with malice or with reckless indifference to the federally protected rights of the Charging Party Soares.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons acting in concert or participation with Defendant, from engaging in discrimination against its employees including harassment based on sex and retaliation.

B. Order Defendant to institute and carry out policies, practices, and programs which prohibit harassment based on sex and retaliation and which eradicate the effects of its unlawful employment practices.

C. Order Defendant to make whole Charging Parties and similarly situated female employees by providing appropriate back pay and benefits with prejudgment interest, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay and

1  other appropriate relief to be determined at trial.

2      D.    Order Defendant to make whole Charging Parties and similarly situated female employees harmed by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to such out-of-pocket expenses as medical care necessitated by Defendant's unlawful conduct, in amounts to be determined at trial.

    E.    Order Defendant to make whole Charging Parties and similarly situated female employees harmed by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above including, but not limited to emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

    F.    Order Defendant to pay Charging Parties and similarly situated female employees harmed by providing punitive damages for the malicious and reckless conduct described above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court may deem just and proper in the public interest.

    H.    Award the Commission its costs of this action.

## DEMAND FOR JURY TRIAL

Pursuant to the provisions of Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a jury trial.

Ronald S. Cooper
General Counsel

Gwendolyn Young Reams
Associate General Counsel

**Equal Employment Opportunity Commission**
1801 L Street, N.W.
Washington, DC 20507

Date: September 12, 2006

WILLIAM R. TAMAYO
Regional Attorney

Date: Sept 12, 2006

JONATHAN T. PECK
Supervisory Trial Attorney

Date: September 12, 2006

EVANGELINA FIERRO HERNANDEZ
Senior Trial Attorney

**Equal Employment Opportunity Commission**
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California 94105