1  WILLIAM R. TAMAYO, SBN 084965
   DAVID F. OFFEN-BROWN, SBN 063321
2  DANA C. JOHNSON, SBN 187341
   RAYMOND T. CHEUNG, SBN 176086
3  U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
   San Francisco District Office
4  350 The Embarcadero, Suite 500
   San Francisco, CA 94105-1260
5  Telephone No. (415) 625-5697
   Fax No. (415) 625-5657
6
   Attorneys for Plaintiff
7
   HEWITT & TRUSZKOWSKI
8  STEPHEN L. HEWITT, SB# 102729
     slhewitt@hewittlegal.com
9  HENRY C. TRUSZKOWSKI, SB# 169243
     hctruszkowski@hewittlegal.com
10 4640 Lankershim Boulevard, Suite 600
   North Hollywood, California  91602-1818
11 Telephone: (818) 509-0311
   Facsimile: (818) 509-0402
12
   Attorneys for Defendant CALIFORNIA
13 PSYCHIATRIC TRANSITIONS, INC.

14

15

16                 **UNITED STATES DISTRICT COURT**

17       **EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

18

19 EQUAL EMPLOYMENT                    CASE NO. 1:06-CV-01251-OWW-
   OPPORTUNITY COMMISSION,             GSA
20
              Plaintiff,
21                                      **STIPULATION AND PROTECTIVE
         vs.                            ORDER**
22
   CALIFORNIA PSYCHIATRIC
23 TRANSITIONS, INC,                    Action Filed:    9/13/2006
                                        Trial Date:      10/20/2009
24            Defendant.

25

26

27

28

—————————————————————————————————————
                **STIPULATION AND PROTECTIVE ORDER**

## STIPULATION

In order to protect the confidentiality of certain financial and medical information obtained by the parties in connection with this case, Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") and Defendant California Psychiatric Transitions, Inc. ("CPT") (collectively the "Stipulating Parties") stipulate and propose that the Court order the following:

1.     CPT may designate as confidential any documents responsive to the EEOC's requests for production of documents no. 8, as modified by the Court in its Order on Discovery Disagreements, Docket Number 64, and any portion of the deposition transcript of Dr. John Hackett and/or the 30(b)(6) designee on financial matters.

2.     The EEOC may designate as confidential any documents responsive to CPT's third party subpoena served in or about February 2009, by CPT on Daisy, Ilano, M.D. as directed by Order of the Honorable Magistrate Judge Gary S. Austin dated June 18, 2009.

3.     Either party shall designate as confidential any document or deposition transcript described above in paragraphs 1 or 2 by marking the document or causing the deposition transcript to be marked:

CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER
Such notation will be placed on every page of document or deposition transcript designated that references or relates to the financial or medical information.

4.     Materials or information that are designated "Confidential Information-Subject to Protective Order" as herein provided shall be used solely for purposes of this litigation and shall not be used for any other purpose.

5.     Except with the prior written consent of the Stipulating Parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential

Information, including but not limited to copies, summaries, or abstracts of any nature shall not be disclosed to any person other than:

(a) persons employed by the Court;

(b) stenographers and videographers transcribing the testimony or argument at a hearing, trial, or deposition in this Action or any appeal therefrom;

(c) the Stipulating Parties and their officers, directors, or employees who are involved with this Action;

(d) attorneys of record and in-house counsel for the Stipulating Parties in this Action, and mediators, arbitrators, clerks, legal assistants, secretaries, paralegals, investigators, and other persons or entities retained by counsel to provide litigation-related services and the employees of said persons or entities;

(e) expert witnesses, consultants, or other independent contractors who are employed or retained by attorneys of record for the parties in connection with the Action;

(f) persons, witnesses or deponents during the course of and in preparation for depositions or testimony in this Action and during depositions and testimony in this Action;

(g) representatives of the Stipulating Parties hereto who are responsible for assisting counsel in the preparation for trial of this Action and

(h) any other person only upon order of the Court or upon stipulation of the parties.

Disclosure of Confidential Information to any other person is not permitted. The Stipulating Parties, their respective counsel, and their experts will hold in confidence and protect Confidential Information and prevent unauthorized use, dissemination, or publication of any of the Confidential Information to any third party.

6. Any person described in Paragraph 5(e), 5(f), 5(g) or 5(h) above, who is not a current employee of one of the Stipulating Parties or a person who received

the document in the ordinary course of business, shall be informed of this Order and shall agree in writing to be bound by the terms of this Order by executing a copy of Exhibit A (which shall be maintained by the attorneys of record for the party seeking to reveal the Confidential Information) in advance of being shown Confidential Information.

7.     Prior to trial, any materials designated as "Confidential-Subject to Protective Order " information as herein provided shall not, except upon order of this Court, be made part of the public record herein, but may be filed under seal with the Court.  The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of designated documents or deposition transcripts at trial.

8.     Any document or deposition transcript, or any part thereof, designated as containing Confidential Information shall not be used for any business or commercial purpose or in any other administrative or judicial proceeding, and the use of said document shall be limited to this action, including but not limited to preparation for, and the trial of the above-entitled action, including discovery, and any and all appeals and/or retrials ("Action").

9.     The fact that Information is designated "Confidential-Subject to Protective Order" under this Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary.  This Order shall be without prejudice to the right of any party to bring before the Court the question of:

(a)     whether any particular information is or is not Confidential Information;

 (b)     whether any particular information is or is not entitled to a greater or lesser  degree of protection than provided hereunder; or

(c)     whether any particular information is or is not relevant to any issue in this case; provided that in doing so the party complies with the foregoing procedures.

4

**STIPULATION AND PROTECTIVE ORDER**

10.     The restrictions provided for above shall not terminate upon the conclusion of this lawsuit, but shall continue until further Order of this Court. This Stipulated Protective Order is entered into without prejudice to the right of a party hereto to seek relief from the Court, upon good cause shown, from any of the provisions or restrictions provided herein.

11.     Pursuant to paragraph 10, within ten (10) court days of the date this protective order is filed, the Stipulating Parties will seek Court approval of an amended protective order addressing the final disposition of confidential information upon conclusion of the Action.


DATED: June 25, 2009              HEWITT & TRUSZKOWSKI



                                  By:   /s/ as authorized on 6/25/09
                                        Henry C. Truszkowski
                                        Stephen L. Hewitt
                                        Attorneys for Defendant CALIFORNIA
                                        PSYCHIATRIC TRANSITIONS, INC.


DATED: June 25, 2009              EQUAL EMPLOYMENT OPPORTUNITY
                                  COMMISSION

                                  By: _____/s/_____
                                        Dana C. Johnson

**STIPULATION AND PROTECTIVE ORDER**

**EXHIBIT "A"**

**STIPULATION RE PROTECTIVE ORDER**

The person signing this Stipulation re Protective Order stipulates and agrees that he/she has received and read the entire Stipulated Protective Order entered into by the Stipulating Parties in this matter, is bound by each and every term of the Stipulated Protective Order, and consents to personal and subject matter jurisdiction of the United States District Court, Eastern District of California, for the purpose of enforcing the Court's Order in the event the person signing this Stipulation re Protective Order violates any of the terms of the Stipulated Protective Order.


Dated:  June      , 2009                    _____
                                             Signature


                                             _____
                                             Print name

**STIPULATION AND PROTECTIVE ORDER**

1

## <u>**ORDER**</u>

2

3

Based upon the foregoing stipulation, and good cause appearing therefore,

IT IS SO ORDERED.

4

5

Dated:   <u>  June 26, 2009  </u>                      <u>/s/ Gary S. Austin</u>

6                                                                    The Honorable Gary S. Austin

7

8

9      N:\EEOC-CPT\StipOrder001.doc

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

**STIPULATION AND PROTECTIVE ORDER**