**WILLIAM R. TAMAYO, SBN 084965**
**DAVID F. OFFEN-BROWN, SBN 063321**
**DANA C. JOHNSON, SBN 187341**
**RAYMOND T. CHEUNG, SBN 176086**
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Francisco District Office**
**350 The Embarcadero, Suite 500**
**San Francisco, CA 94105-1260**
**Telephone: (415) 625-5697**
**Facsimile: (415) 625-5657**
**dana.johnson@eeoc.gov**

**Attorneys for Plaintiff EEOC**

**HEWITT & TRUSZKOWSKI**
**STEPHEN L. HEWITT, SBN 102729**
**HENRY C. TRUSZKOWSKI, SBN 169243**
**4640 Lankershim Blvd., Ste. 600**
**North Hollywood, CA 91602-1818**
**Telephone: (818) 509-0311**
**Facsimile: (818) 509-0402**
**hctruszkowski@hewittlegal.com**

**Attorneys for Defendant CALIFORNIA PSYCHIATRIC TRANSITIONS, INC.**

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

**Plaintiff,**

**v.**

**CALIFORNIA PSYCHIATRIC TRANSITIONS**

**Defendant.**

**Case No. 1:06-CV-01251-OWW-GSA**

**CONSENT DECREE**



PDF created with pdfFactory trial version www.pdffactory.com

Plaintiff U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC") brought this lawsuit under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct alleged unlawful employment practices on the basis of sex harassment and retaliation and to make whole Ms. Valerie Soares, Ms. Mariel Somera, and other similarly situated female employees aggrieved by the alleged unlawful practices. Plaintiff EEOC alleged that defendant California Psychiatric Transitions, Inc. ("CPT"or "the Company"), unlawfully subjected Ms. Soares and Ms. Somera and others to a sexually hostile work environment. Defendant denied all the allegations.

In the interest of resolving this matter and as a result of having engaged in comprehensive settlement negotiations, the Commission and Defendant (hereinafter referred to as "the Parties") have agreed that the above-captioned lawsuit (the "Lawsuit") should be finally resolved by entry of this Consent Decree. This Consent Decree shall not constitute an adjudication and/or a finding on the merits of the Lawsuit.

This Consent Decree resolves all claims arising out of EEOC Charge Nos. 370-2004-01635 and 370-2004-01555 and the complaint filed in the Lawsuit, and constitutes a complete resolution of all claims of sex discrimination, sexual harassment, and retaliation under Title VII that were made or could have been made by the Commission in this Lawsuit. This consent decree also resolves all claims for attorneys fees and costs that were made or could have been made by either of the Parties in this Lawsuit. This Consent Decree does not, however, resolve any future charges or charges that may be pending with the EEOC other than the charges and complaints specifically referenced in this paragraph.

This Consent Decree comprises the full and exclusive agreement of the Parties with respect to the matters discussed herein. No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made and approved in writing by all the Parties to this Decree, and any substantive change, modification or amendment of any provision of this Consent Decree shall also require approval by the Court.

///

///

///



PDF created with pdfFactory trial version www.pdffactory.com

The Court has reviewed this Consent Decree in light of the pleadings, the record herein, and now approves this Consent Decree. THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

**GENERAL PROVISIONS**

1. This Court has jurisdiction over the subject matter and the Parties to this Lawsuit. This Court will retain jurisdiction over this Consent Decree for all purposes until the expiration of Defendants' obligations as set forth herein.

2. This Consent Decree is final and binding upon the Parties, their successors and assigns.

3. Each Party shall be responsible for its own costs and attorneys' fees.

**GENERAL INJUNCTIVE RELIEF**

4. Sexual Harassment: Consistent with Section 703 of Title VII, 42 U.S.C. §2000e-2, the Company, and its officers, agents, managers (including supervisory employees), successors and assigns, shall not: (a) discriminate against persons on the basis of sex in the terms and conditions of employment; (b) engage in or being a party to any action, policy or practice that is intended to, or is known to them, to have the effect of harassing or intimidating any employee on the basis of sex; or (c) create, facilitate or permit, to the extent known to them, the existence of a work environment hostile to female employees.

5. Retaliation: The Company its officers, agents, managers (including supervisory employees), successors and assigns, shall not engage in, implement or permit any action, policy or practice with the purpose of retaliating against any current or former employee of the Company because he or she has in the past, or during the term of this Consent Decree (a) opposed any practice of harassment or other discriminatory acts on the basis of sex made unlawful under Title VII; (b) filed a Charge of Discrimination alleging any such practice; (c) testified or participated in any manner in any investigation into claims of harassment or other discriminatory acts (including, without limitation, any internal investigation undertaken by the Company), proceeding or hearing in connection with this Lawsuit; (d) was identified as a possible witness in this Lawsuit; (e) asserted any rights under this Consent Decree; or (f) sought and/or received any monetary or non-monetary relief in accordance with this Consent Decree.

///



PDF created with pdfFactory trial version www.pdffactory.com

**MONETARY RELIEF**

6. The Company agrees to pay the total, aggregate sum of $145,000.00 (One Hundred Forty-Five Thousand Dollars and No Cents) (the "Settlement Amount") as damages for emotional distress, to be allocated in amounts to be determined in the sole discretion of the EEOC, to Valerie Soares, Mariel Somera and other similarly situated women on whose behalf the EEOC prosecuted that above-captioned action (hereinafter "Payee"). All payments of the Settlement Amount allocations shall be characterized as non wage compensatory damages and will be reported on IRS form 1099. No FICA/FUTA or other withholdings shall be made to the Settlement Amount or the allocations thereof. Each Payee will be responsible for paying any federal, state and/or local taxes that may be due on her allocation of the aforementioned Settlement Amount, if any.

7. Within 45 days after entry of the Consent Decree, the EEOC shall provide the Company with the Settlement Amount allocation, the addresses to which the Settlement Amount checks shall be mailed, and executed W-9s and executed releases in the form attached here as Exhibit A.

8. The Company shall pay the Settlement Amount within 60 days after entry of the Consent Decree. The Company shall issue separate checks for the Payees made in their respective names and in the amounts (which collectively shall not exceed $145,000.00) provided by the EEOC. The Company shall make payment in the form of a business check, cashier's check, or certified check. The Company shall mail via certified mail to each Payee a check for the Settlement Amount allocation amount provided to the Company by the EEOC. If the Company has not received an executed release and W-9 for any Payee, it may refrain from paying the Settlement Amount allocation to that Payee until it has received the executed release and W-9, but may not delay or defer paying the Settlement Allocation amount to any Payee for whom it has received the executed release and W-9 in accordance herewith.

9. At the time that the Company sends the checks to the Payees, it shall provide a copy of each check to Dana C. Johnson, Senior Trial Attorney, EEOC, 350 The Embarcadero, Suite 500, San Francisco, CA 94105.

///

///



PDF created with pdfFactory trial version www.pdffactory.com

## SPECIFIC INJUNCTIVE RELIEF

10. Zero-Tolerance

The Company affirms the following Statement of Zero-Tolerance Policy and Equality Objectives:

> "The Company is firmly committed to maintaining a zero-tolerance policy concerning discriminatory harassment and retaliation against individuals who report harassment in the company's workplace; to swiftly and firmly respond to any acts of harassment and retaliation of which the company becomes aware; to imposing appropriate discipline designed to strongly deter future acts of harassment or retaliation; and to actively monitor its workplace in order to ensure tolerance, respect and dignity for all employees."

This paragraph 10 does not create any individual contractual or common law causes of action or other rights that would not otherwise exist under statute.

11. EEO and Harassment Policies

The Company agrees that to the extent necessary it shall revise its EEO & harassment policies, within thirty (30) days of signing the Consent Decree, such that the policies: (i) include definitions of discriminatory harassment, with specific reference to harassment based on sex; (ii) include examples to supplement the definitions of harassment based on sex; (iii) provide for appropriate discipline and/or corrective action for incidents of discriminatory harassment designed to deter future acts of harassment; (iv) include strong non-retaliation language with examples to supplement the definition of retaliation; (v) provide for appropriate discipline for incidents of retaliation designed to deter future acts of retaliation; (vi) provide that complaints of harassment and/or retaliation will be accepted irrespective of whether they are made verbally or in writing; (vii) provide a reasonable timetable for commencing an investigation after a complaint is made or received and for appropriate remedial action, if warranted, to be taken upon conclusion of an investigation; and (viii) indicate that, promptly upon the conclusion of the investigation of a complaint, the Company will communicate to the complaining party the results of the investigation and the remedial actions taken or proposed, if any. The revised policies will be submitted to the EEOC within 30 days of the signing of this Consent Decree, and shall become effective 15 days later unless the EEOC requires revisions; the EEOC will require only reasonable revisions which must be completed within 60 days of the signing of this Consent Decree.



PDF created with pdfFactory trial version www.pdffactory.com

a. The Company shall effectively disseminate its revised policies and procedures to its employees for review and retention for the duration of employment only as follows:

i. Distributing copies of the policies to all current employees within 30 days of its adoption;

ii. Giving copies of the policies to and reviewing the policies with all new employees upon the employees' hire.

b. The Company will submit a copy of the revised EEO and harassment policies to EEOC at the same time it submits the report on the completion of training as described below.

12. <u>Complaint Procedure</u>

The Company shall develop a complaint procedure designed to encourage employees to come forward with complaints about violations of its harassment policy. As part of the policy, the Company shall provide its employees with convenient, confidential and reliable mechanisms for reporting incidents of harassment and retaliation. The Company's complaint procedure and harassment policy shall notify employees that they can lodge a complaint with their immediate supervisor, or a Company Corporate Officer or designee, and shall provide the name and telephone numbers for such individuals. Contact information for the Company Corporate Officer or designee shall also be continuously posted in a prominent place at the Company's business location in Delhi, California.

a. The Company will submit a copy of the complaint procedures to the EEOC twenty (20) days before the completion of training as required below.

b. The Company shall undertake reasonable efforts to maintain complainant and complaint confidentiality in a manner consistent with applicable law and this Consent Decree.

13. <u>Posting</u>

The terms of this Consent Decree shall be stated in a notice, attached hereto as Exhibit B, which shall be limited to notice of the non-monetary aspects of the settlement, which shall be, and remain, posted in a clearly visible location frequented by employees at the Company's facility in Delhi, California during the term of this Consent Decree.

///

///



PDF created with pdfFactory trial version www.pdffactory.com

14. Distribution of Anti-Harassment Policy

Within sixty (60) days of the entry of this Consent Decree, the Company shall issue to all employees, supervisors and managers at its Delhi location its anti-harassment policy and procedure statement, and each such person shall be asked to sign an acknowledgment that they have received and read the policy. The same acknowledgment shall be required of all newly hired employees at the start of their employment.

15. Training of Employees

The Company shall provide and require all current and new employees to attend anti-harassment training, exclusive of training given during orientation, at least once every year for a cumulative total of no less than two hours throughout the duration of this Consent Decree. The purpose of said training shall be to give participants an understanding of harassment issues, particularly sexual harassment, including but not limited to what constitutes sexual harassment, sources of legal protection for sexual harassment victims, the employees' obligation to report sexual harassment, the employer's obligation to take preventive, investigative and remedial action with respect to harassment complaints, and to review company policies (including discipline policies) and practices related to sexual harassment and retaliation with Company employees.

16. Training Logistics

The content, persons providing training, method of training and size of training under Paragraph 15, above, is subject to approval by the Commission which approval shall not be unreasonably withheld and which shall take into consideration the Company's operational needs. The person(s) providing the training shall not be person(s) regularly employed as CPT employee(s), but rather shall be professionals whose main business is provision of workplace sexual harassment training. The Company agrees to provide the qualifications of the trainer(s) and a description of each training program to counsel for the Commission no later than twenty (20) days before the training programs are scheduled to be held.

17. Acknowledgment of Training Attendance

All persons attending mandatory anti-harassment training pursuant to this Consent Decree shall sign an acknowledgment of their attendance at the training, the date thereof, and their position with the



PDF created with pdfFactory trial version www.pdffactory.com

company. The Company shall retain the originals of these acknowledgments and provide the EEOC with a copy thereof each year that the Consent Decree remains in effect.

18. Disclosure of Information Regarding Valerie Soares, Mariel Somera and Claimants' Employment

a. The Company shall not disclose any information or make references to any charges of discrimination or this lawsuit in responding to employment reference requests for information about Valerie Soares, Mariel Somera, Renee Addison, Yuliana Arzate, Amy Koons, Kathleen Mason, Diana Rodriguez, Stephanie Riveira, Rosemary Vallery, or Sherry Wall.

b. The Company agrees to segregate in separate, confidential folders all documents related to each Charging Party or claimant and the Charges of Discrimination and the Commission's lawsuit. These documents shall not be part of her personnel file. Further, the Company agrees not to reference any of the following to any potential employers of the Charging Parties or Claimants: the Charges of Discrimination, the Commission's lawsuit, or this Consent Decree entered in the Commission's lawsuit.

c. From the date of entry of this Consent Decree, the Company shall not disclose any information regarding its employment of the employees identified in paragraph 18a, above, except as follows:

i. In response to a specific inquiry, the Company may disclose dates of employment, position held and final rate of pay;

ii. The Company may report any information as required to state or federal authorities; and

iii. The Company may disclose information as required by Court order or subpoena.

19. Reports to the Commission

a. Training Reports

Within thirty (30) days of completion of the training required by this Consent Decree, the Company will send the EEOC verification of its completion of harassment training for its employees.

b. Sexual Harassment Complaint Reports

For the purposes of Paragraph 19, a complaint of harassment consists of any communication to any CPT supervisor, manager, officer or person designated to receive complaints pursuant to the sexual



PDF created with pdfFactory trial version www.pdffactory.com

harassment policy, from any source, about conduct that might violate the sexual harassment policy. If the complaint is made in writing or reduced to writing, a copy of the writing shall be provided to the EEOC. If a complaint is made orally, a written summary of the oral complaint including what was alleged to have taken place, when, where, by whom, to whom, and the identities of the person(s) making the complaint and any witnesses to the complained-of event(s) shall be provided to the EEOC.

Within ninety (90) days after entry of this Consent Decree, the Company will mail to counsel for the Commission a report containing the following information and documentation:

i. Copies of all sexual harassment complaints received by the Company after October 16, 2008, and a statement regarding the result of the investigation of each complaint. Additionally, the Company will identify the name, address and telephone number of the complainant and identify the person who received the complaint. A copy of all records, documents and other writings relevant to such complaints and investigations shall be maintained by the Company during the period of the Consent Decree and will be made available to the Commission within ten (10) business days following a written request from the Commission.

ii. On the fifth day of January and June of each year during the duration of this Consent Decree, the Company will mail to counsel for the Commission a report containing the above documentation and information.

20. Policies Designed to Promote Supervisor Accountability

a. Communication of Potential Discipline for Engaging in Harassment

The Company agrees that it shall impose appropriate discipline, up to and including termination, suspension without pay or demotion, upon any supervisor or manager who engages in sexual harassment or knowingly permits any such conduct to occur in his or her work area or among employees under his or her supervision, or who retaliates against any person who complains or participates in any investigation or proceeding concerning such conduct. The Company shall communicate this policy to all of its supervisors and managers.

///

///



PDF created with pdfFactory trial version www.pdffactory.com

b. Communication of Duty to Actively Monitor Worksite.

The Company agrees that it shall continue to advise all managers and supervisors of their duty to actively monitor their work areas to ensure employee compliance with the company's anti-harassment policy, and to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the individuals charged with handling such complaints.

**RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE**

21. This Consent Decree shall terminate three (3) years from the date of entry by the Court, unless the Commission petitions this Court for an extension of the Consent Decree because of noncompliance by the Company. If the Commission determines that the Company has not complied with the Consent Decree, the Commission will provide written notification of the alleged breach to the Company with copy to Henry C. Truszkowski, Esq., Hewitt & Truszkowski, 4640 Lankershim Boulevard, Suite 600, North Hollywood, California 91602, and will not petition the Court for enforcement sooner than thirty (30) days after providing written notification. The thirty-day period following written notice shall be used by the parties for good faith efforts to resolve the issue. If the Commission petitions the Court and the Court finds the Company to be in substantial violation of the terms of the Consent Decree, the Court may extend this Consent Decree.

22. Except as provided in the preceding paragraph 21, three (3) years after the entry of this Consent Decree, this lawsuit will be dismissed with prejudice, provided that the Company has complied substantially with the terms of this Consent Decree. The Company will be deemed to have complied substantially if the Court has not made any findings or orders during the term of this Consent Decree that the Company has failed to comply with any of the terms of this Consent Decree. This Consent Decree will automatically expire without further Court Order.

IT IS SO ORDERED:

Date:_October 19, 2009

__/s/ OLIVER W. WANGER________
Hon. Oliver W. Wanger



PDF created with pdfFactory trial version www.pdffactory.com

On Behalf of Plaintiff Commission

Dated: October 15, 2009

_/S/ (as authorized on 10/15/09)_
William R. Tamayo
Regional Attorney

__/S/________________________
Dana C. Johnson
Senior Trial Attorney

Attorneys for the EEOC

On Behalf of Defendant:

Dated: October 16, 2009

_/S/ (as authorized on 10/15/09)_________
Henry Truszkowski
HEWITT & TRUSZKOWSKI

Attorney for California Psychiatric Transitions



PDF created with pdfFactory trial version www.pdffactory.com